IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to Insurance Company of North America<br>*Plaintiff,*<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO RETROCESSIONAL AGREEMENT NOS. 950548, 950549 AND 950646<br>*Defendant.* | CIVIL ACTION NO.: _____<br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendants Certain Underwriters at Lloyd's, London ("Underwriters") hereby give notice of the removal of the Complaint filed against Underwriters in this action in the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. The jurisdictional basis for the removal is Federal question jurisdiction pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1331.

As grounds for removal, Underwriters state as follows:

1.  This action was commenced by Plaintiff's filing of a Complaint in the Philadelphia County Court of Common Pleas in Philadelphia, Plaintiff's Case No. 002647 on August 19, 2005. A copy of the Complaint is attached hereto as Exhibit A.

2.  Plaintiff's Complaint seeks reinsurance recovery from Underwriters of certain litigation expenses paid by Plaintiff as the reinsurers of Argonaut Insurance Company. Argonaut incurred these expenses in connection with its defense of litigation brought by its insureds Western Asbestos and Western MacArthur seeking insurance coverage of asbestos

claims. Century's predecessor, Insurance Company of North American ("INA"), "retroceded" a portion of its reinsurance of Argonaut to Underwriters pursuant to several Retrocession Agreements referenced in the Complaint. As a result of this "retrocession" Underwriters became INA's retrocessionaires.

3.  This action is removable under 9 U.S.C. § 205 because this Court has original Federal question subject matter jurisdiction over this contract action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (opened for signature June 10, 1958, U.S.T. 2517, T.I.A.S. No. 6992, 330 UNTS 38 (1958)), reproduced at 9 U.S.C.A. § 201 (hereinafter, "the Convention"). Both the United States and the United Kingdom are signatories to the Convention (9 U.S.C.A. § 201).

4.  The Complaint falls under the Convention because it concerns an express commercial agreement to arbitrate between Century and non-U.S. citizens. *See* 9 U.S.C. § 202.

5.  Under § 205, state court actions falling under the Convention may be removed at any time before trial as follows:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205.

6. Disputes arising out of the Retrocession Agreements referenced in Century's Complaint are subject to arbitration. The Retrocession Agreements provide in pertinent part that:

> Subject to the percentage allocation in the preceding paragraph, all terms and provisions of the [the Reinsurance Agreement between INA and Argonaut that is being retrocessionally reinsured] shall be applied to this agreement as if contained herein, and the Retrocessionaire shall receive prompt notice of any change in the Policy. Material changes are not binding on the Retrocessionaire unless agreed.

(Ex. A to Complaint ¶ 2)

7. The INA - Argonaut Reinsurance Agreement, which is attached to Plaintiff's Complaint as Exhibit B, contains an Arbitration Clause at Article 14. The Arbitration Clause provides that "any dispute between [the Parties] with reference to the interpretation of this Agreement and [the Parties'] rights with respect to any transaction involved" shall be referred to arbitration.

8. Underwriters contend that declaratory judgment expenses are not covered by the INA - Argonaut Reinsurance Agreement, the terms of which are incorporated into the Retrocession Agreements.

9. Therefore, the claims asserted in the Plaintiff's Complaint are subject to arbitration under the Retrocession Agreements because the Complaint involves a dispute with reference to the coverage of declaratory judgment expenses under the terms of the INA - Argonaut Reinsurance Agreement.

10. Underwriters have raised arbitration as a defense to Century's Complaint and intend to ask this Court to enforce the arbitration provision by issuing an Order to Compel Arbitration pursuant to 9 U.S.C. § 206. See Underwriters' Answer, "New Matter" at ¶¶ 2-4, attached hereto as Exhibit B.

11. The filing of this Notice of Removal is timely in that trial has not been commenced in the state court action. *See* 9 U.S.C. § 205. In addition to Century's Complaint and Underwriters' Answer attached hereto as Exhibits A and B, respectively, Plaintiffs on October 28, 2005 served discovery requests on Defendants which are attached hereto as Exhibit C. We attach Exhibits A-C pursuant to the requirements of 28 U.S.C. § 1446(a).

12. Copies of this Notice of Removal are being served on the Plaintiff and filed with the state court in accordance with 9 U.S.C. § 205 and 28 U.S.C. § 1446(d), as amended.

Dated: <u>November 14, 2005</u>

**MARK J. HILL & ASSOCIATES, P.C.**

By: _/s/ Mark J. Hill_

Mark J. Hill, Esquire
1515 Market Street - Suite 1710
Philadelphia, PA 19102
(215) 564-1100 (telephone)
(215) 562-1102 (facsimile)
mark.hill@mjhillassociates.com

Attorneys for Defendants
Certain Underwriters at Lloyd's, London

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal and Notice to Plaintiff of the Filing of a Notice of Removal to the United States District Court was served by U.S. mail, postage prepaid, this 14th day of November 2005, on:

Lawrence A. Nathanson, Esquire
Siegal, Napierkowski & Park
533 Fellowship Road, Suite 120
Mt. Laurel, New Jersey 08054
*(Counsel for Plaintiff, Century Indemnity Company)*

_____
Mark J. Hill, Esquire

CHI1 1132907v1